

# The Attorney General of Texas

November 28, 1977

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4814 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Felipe Reyna
District Attorney
3rd Floor, McLennan County
 Courthouse
Waco, Texas   76701

Opinion No. H- 1097

Re:  Fees of county
clerks and recorders.

Dear Mr. Reyna:

   You have requested our opinion regarding certain fees related to commitment proceedings for the mentally ill. Senate Bill 184, Acts 1977, 65th Leg., ch. 291, at 767, enacted in the recent regular session of the Legislature, amended article 3930(b), V.T.C.S.  Section 1B(1)(a)(v) of the amended statute provides:

> For mentally ill:  Total costs for all services listed in Article 5547-13, Article 5547-14 and Article 5547-15, Vernon's Civil Statutes of Texas, shall be in the amount of . . . . . . . . . . . . . .$40.00

You ask whether this statute is constitutional and eliminates the county judge's discretion to allow compensation under article 5547-15, V.T.C.S.  Articles 5547-13, 5547-14 and 5547-15, part of the Mental Health Code, state:

> Upon the request of the county judge, the county attorney or the district attorney in counties having no county attorney shall represent the State in commitment hearings under this Code.

V.T.C.S. art. 5547-13.

> (a)  The county of legal residence of the patient shall pay the costs of Temporary Hospitalization, Indefinite Commitment and Re-examination and Hearing proceedings, including attorneys' fees and physicians' examination fees, and expenses of transportation to a State mental hospital or to an agency of the United States.

>     (b)  For the amounts of these costs ac-
> tually paid, the county is entitled to re-
> imbursement by the patient or any person
> or estate liable for his support in a
> State hospital.
>
>     (c)  Unless the patient or someone re-
> sponsible for him is able to do so, the
> State shall pay the cost of transporta-
> tion home of a discharged patient and the
> return of a patient absent without author-
> ity.
>
>     (d)  Neither the county nor the State
> shall pay any costs for a patient commit-
> ted to a private hospital.

V.T.C.S. art. 5547-14.

>     The county judge may allow reasonable
> compensation to attorneys and physicians
> appointed by him under this Code, provided
> that any compensation he allows to an
> attorney is not less than $25.  The com-
> pensation paid shall be taxed as costs in
> case.

V.T.C.S. art. 5547-15.

     The relevant portion of article 3930(b) was first enacted
in 1967.  Another section of the same bill expressly repealed
articles 5547-13 through 5547-15 to the extent of conflict only.
Acts 1967, 60th Leg., ch. 680, at 1788.  In Attorney General
Opinion M-135 (1967), this office held that the provision pur-
porting to repeal articles 5547-13, 5547-14, and 5547-15, vio-
lated article 3, section 35 of the Texas Constitution, in that
the title of the bill gave no notice of an attempt to repeal
those statutes.

     Even though the title of Senate Bill 184 purports only to
"amend article . . . 3930(b)," we need not determine whether
Attorney General Opinion M-135 was correct, because Senate Bill
184 is an amendatory act.  The Supreme Court has declared:

>     With amendatory bills, it is settled
> that reference to the act or section to
> be amended is adequate, as long as the

> subject matter of the amendment is ger-
> mane or reasonably related to the content
> of the original act.
>
> . . . It is not necessary that the
> caption of an amendatory bill apprise the
> reader of the precise effects of the body
> of the bill, so long as the general sub-
> ject of the amending bill is disclosed.

Smith v. Davis, 426 S.W.2d 827, 833 (Tex. 1968). In the present instance, the "subject matter of the amendment" at issue is phrased in language identical to that of the original act. It is therefore unnecessary to ascertain whether the version of article 3930(b) enacted in 1967 met constitutional require-ments:

> It would be anomalous to say that the cap-
> tion of an amendatory act meeting the re-
> quirements of the Constitution, and hence
> carrying notice to those affected thereby,
> would nonetheless be invalidated because
> of possible infirmities in past legisla-
> tive enactments.

State v. Smith, 434 S.W.2d 342, 348 (Tex. 1968).

Article 3930(b), section 1 B (1)(a) sets the clerk's fee in "each original cause or action in a Probate Court . . . due and payable and to be paid by the party . . . initiating said cause . . . ." In an action involving a mentally ill person, the clerk's total fee for services in connection with proceed-ing under articles 5547-13 through 5547-15 is set at $40.00. V.T.C.S. art 3930(b), § 1 B (1)(a)(v). Article 3930(b) thus limits the amount that may be charged for filing a petition, issuing notices, administering oaths, and performing all other clerical duties in connection with the kinds of commitment listed in article 5547-14. If the county judge allows compen-sation to an appointed attorney or physician under article 5547-15, it is taxed as costs in the case, and the clerk has certain duties with respect to collecting it. See Tex. R. Civ. P. 129, 130. Article 3930(b), section 1 B (1)(a)(v) does not attempt to repeal the provisions of the Mental Health Code regarding payment of attorneys' fees, physicians' fees, and transportation costs. Since these fees are not paid to the clerk, they are unaffected by article 3930(b).

### S U M M A R Y

That part of article 3930(b) which limits
to $40.00 the total costs payable to the
county clerk for clerical services relating
to commitment proceedings for the mentally
ill does not purport to repeal and is not
in conflict with articles 5547-13, 5547-14
and 5547-15, V.T.C.S.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst